Please proceed. Thank you, Your Honor, and may it please the Court. The IRS is liable for emotional distress damages under Section 362 of the Bankruptcy Code for its multiple violations of the automatic stay. This Court has already decided that Section 362 covers emotional distress damages, and the plain text and structure of Section 106 make clear that the including expressly monetary relief. The point of what Section 106 is to put the government on equal footing with all other creditors. And when Congress wanted to change that baseline, it did so expressly by carving out punitive damages and limiting fees and costs. And the IRS's main argument in response is that Section 362 did not clearly establish that it covered emotional distress damages. But Section 362 did not need to clearly establish anything, because it is not an immunity waiver. The Supreme Court has made clear that when you have two provisions, one a substantive provision that provides the claim for relief, and the other a provision that waives immunity. To enforce that separate provision, you only apply the immunity canon. You only strictly construe the provision that waives immunity. And here, for multiple reasons, Section 106 unequivocally waives immunity for all monetary relief under Section 362, aside, of course, from punitive damages. And so to begin with just the plain text and structure of Section 106, you have paragraph 801 that waives immunity with respect to all these 59 enumerated code sections. Then 82 makes clear that the Court may determine any issue under those sections. And then paragraph 83, and this is key, covers the relief you get under those 59 enumerated code sections. And it's all monetary and non-monetary relief, other than, of course, what's expressly carved out, which is an important point that I'll return to in a moment. But just to underline this point, paragraph 84 then says how you obtain, how you enforce that money recovery that you got. And so- Could you just explain one thing? And I think it's one of the government's key points, and that's the timing of enactment of these sections. So it's my understanding that you first have the sovereign immunity waiver enacted, 94. And then later, at that point, there'd been no consensus about what to do about emotional distress damages. Does that matter in terms of the sequencing of the statute and then the substantive right to get emotional damages? Not at all, because that's just the same point that they've twisted just to use timing, that you need to clearly establish what the substantive provision says. And that's because Congress knew exactly what it was doing when it structured Section 106 this way. It waived immunity to enforce whatever it was that those 59 enumerated code sections provided. And so just to hammer home that point, Your Honor, it's the same thing in Gomez-Perez or those other cases, the earlier cases that had the Tucker Act. In Gomez-Perez, for instance, it was, the question was whether a retaliation claim under the Age Discrimination and Employment Act could be brought against the government. And at the time, the Supreme Court didn't ask whether at the time retaliation was clearly established in the background law or whether the statute specifically said anything about retaliation. It was enough that one provision waived immunity to enforce the substantive provision, whatever it may provide. And this is the exact same structure. So Congress knew exactly what it was doing when it enacted Section 106 and when it structured it the way that the statute did. But what prompted Congress to enact 106, the waiver of sovereign immunity? Well, this version of Section 106 was a reaction to the Supreme Court's decisions in Hoffman and Nordic Village which held that the previous version of Section 106 basically didn't adequately do exactly what this amendment does. And so in that previous version, Congress had tried to use these, what the Supreme Court called triggering words. Basically equating the government with an entity or a creditor where those terms appear throughout the code. And the Supreme Court said that that was insufficient to waive it for monetary relief, even if it was sufficient for equitable relief. And so Congress had, and one of the Supreme Court's concerns was that the only limit on the waiver would be the number of provisions that used those triggering words. So I think this was a very natural reaction to those cases. Congress went and found every provision that it wanted to include in the waiver and listed them out one by one so there's no ambiguity. And then it used these broad terms of money recovery, money judgment, to show that it covers monetary recoveries in addition to equitable recoveries. And is there anything in the legislative history at the time that limited the waiver to substantive rights that existed at the time they amended the statute? Not that I'm aware of in the legislative history, and the plain text would foreclose that aspect of the legislative history, because there's nothing in there that says that it's limited to, that you have to kind of strictly construe the substantive provisions. I know they try to use paragraph 8-5, but all paragraph 8-5 says is that Section 106 doesn't create. So you're essentially, let me, in Rivera-Torres, the Second Circuit, no, the First Circuit, I'm sorry, it's the First, if I remember, they sort of take a different view of these points. They do, and they have a number of points that plainly can't be squared with the text. But more importantly, the First Circuit didn't even cite or acknowledge the existence of this controlling Supreme Court precedent that says you don't strictly interpret the substantive provision. And so we recognize that the First Circuit's reasoning is difficult to reconcile with the result that we're asking for, but they simply didn't acknowledge this controlling Supreme Court precedent, Gomez-Perez, and so forth, the idea that you only strictly construe the immunity waiver. And just to focus again on the text of Section 106, the term money recovery, all it means in context is that the debtor obtained money instead of some other form of relief. It's there to identify the form of the relief and not the type of the injury. And again, it's to make clear that it covers monetary recoveries in addition to equitable recoveries, which, as we just discussed, was the critical failing in the previous version of Section 106 to draw that distinction. And so this was Congress putting the government on equal footing with all other creditors because, as the Court recognized in the DBSI opinion that Judge Pius authored, it would be unfair to let the government shield itself from liabilities while participating in the distributions of the estate. And this is a very natural way to use the word recovery. You ask, what did the lawsuit recover? Did you recover economic damages or non-economic damages? Did you recover fees and interests and so forth? And this has to be the correct interpretation also because the government's view is entirely implausible because of all the inconsistencies with the statute would produce. It admits that it would make the punitive damages carve out entirely superfluous. That's not all. The second sentence of Paragraph A3, which limits fees and costs, under their view, fees and costs aren't covered anyway. And as we also explain it on pages 15 to 16 of our reply brief, some of those enumerated code sections in Paragraph A1 waive immunity for expenses that also don't fall within the government's definition of money recovery. And so that would also be entirely pointless. And I see I'm right at my two-minute mark. If I could save the remainder of my time for rebuttal. You may. May it please the Court, Paul Aloulis appearing on behalf of the United States. Your Honor, I'd like to start first with the notion that the government is arguing for strict construction of Section 362. That is not correct. This Court need not apply the strict construction canon to Section 362 of the Bankruptcy Code in order to rule in the government's favor in this case. What the government calls upon this Court to do is to strictly construe the waiver of sovereign immunity in Section 106. Now, having applied the strict construction canon to Section 106, or rather, in the process of applying that canon to Section 106, this Court need consider what Congress understood Section 362 at the time that Congress waived its sovereign immunity with respect to that other section. And that is the point. Is there anything in the legislative history that reflects what Congress understood at that time? There is nothing specifically referenced in the legislative history at all, Your Honor, about why 362K was enacted at all. There's legislative history for the automatic stay in general, but not that specific provision, Section 362K. Now, in Section 106 Is there anything in the legislative history of 106 that suggests what Congress understood? There is not, Your Honor. And in light of that, when you take that acknowledgment and you combine it with Gomez-Perez, I'm kind of hard-pressed to figure out why you think somehow emotional damages are carved out of 106. Maybe you can tell us more specifically. Happy to, Your Honor. First, the question is not whether emotional damages are carved out of 106. The question is whether Congress included emotional distress damages within the waiver of sovereign immunity in 106. And I think that that's a very different way of viewing the interpretation of a waiver of sovereign immunity that has come into the appellant's case here. This is not a question of whether all damages are on the table and then Congress has to go back and carve out other certain of those damages. But if we start, let's look at the words of the statute then. Yes, Your Honor. So we said that we're talking about a judgment for an award of a money recovery. Yes, Your Honor. Correct? Damages are money recovery. Would you agree with that? Money damages are money recovery? No, Your Honor, not necessarily. Why not? Money recovery is a very specific, unique term. Money damages may- What does money recovery mean in your view? Well, Your Honor, I would like to offer that and then also an explanation. I believe it is our position that money recovery means the returning of sums that were either appropriated by the government or perhaps it could mean money that was expended as a result of government action, things along those lines. And in that sense, things like- How would that make any sense when the, it's then followed by the words, but not including in a word of punitive damages, because it's not like the government got some punitive damages, now you're getting them back, you're recovering them. So how would that explanation you're offering be reconciled with the key phrase, not including punitive damages? Well, Your Honor, the phrase not including punitive damages is an emphasis to the fact that punitive damages should not be included in any such judgment entered by the court here. And it's important to note that while emotional distress damages are nowhere mentioned in the Bankruptcy Code, punitive damages are, including in Section 362K. Punitive damages are listed there. And so when Congress specifically mentioned that punitive damages are not included among the types of recoveries that may be made, the types of judgments that may be entered, it was potentially simply being overemphasizing or reemphasizing. Under your argument, they didn't really need to put that in at all. Is that what you're saying? Congress didn't really need to include that phrase. It's possible that that was not necessary, but nevertheless, that they could include it for redundancy's sake, for emphasis' sake, to make clear that those types of damages which are explicitly allowed in some of the code sections for which the waiver of sovereign immunity was made in Section 106, that nevertheless, those damages are not allowed as a judgment that can be entered under 106. Emotional distress damages are not included. I think I need to hear again, just so I make sure I understand it, I need to hear again how you define money recovery under the statute and where that definition comes from. So I just want to hear it again. Yes, Your Honor. The second point that I wanted to make in response to Your Honor's question when you asked previously, this Court need not firmly establish explicitly this is exactly what these terms mean. The Court need only accept that it is a plausible interpretation of the waiver of sovereign immunity that it could mean something other than inclusive of emotional distress damages. But that's all sort of pablum that's piled on when we're doing these statutory interpretations on sovereign immunity. What does money recovery mean? Money recovery means the return of sums that were lost or expended as a result of government action. And where do you get that from? Where do you ground that? Well, Your Honor, as you asked earlier to Appellant's counsel, when this version of Section 106 was enacted, it was in response to two specific Supreme Court cases, the Hoffman case and the Nordic Village case. Both of those cases concerned efforts by trustees to recover pre-petition or post-petition payments that should have remained in the bankruptcy estate. And in response to the Supreme Court saying that the old version of Section 106 was not adequate to allow for the recovery of those sums by a trustee, Congress enacted this version of Section 106. And when it did enact this version of 106, it specifically included the term money recovery, which exactly fits with the cases that it was seeking to address when it passed this version of 106, where the trustee was attempting to recover sums on behalf of the bankruptcy estate that were wrongfully turned over, wrongfully paid to the government. And the legislative history, I think, makes clear that that is what Congress was thinking of when it included that language in Section 106. And again — So it excludes any — so it only includes money wrongfully paid to the trustee or not the trustee or some other creditor or something? Well, I think that that is the most natural reading of the term. That's the most natural reading of the term. It doesn't include at all any damages that are awarded under any other provision? Well, to the extent that it approximates that situation, I think that they can be included within a money recovery. For sure, emotional distress damages are not that tight. Do you have an — at least, is there any example that you would give me that says that it's not a blanket exclusion of damages? I'm not sure what Your Honor is asking for, for some other type of damages other than the — Other than emotional distress damages that might — Well, again, Your Honor, I think that we cite in our brief the possibility of recovering attorney's fees, for example, because, again, to the extent that a claimant — that a plaintiff for a violation of the automatic stay is required to employ counsel and in order to vindicate the right allowed under the — protected under the automatic stay, that would be a sum that would be expended by that person for those attorney's fees as a result of that violation of the automatic stay. So that may be something else that falls within that concept of money recovery. But, again — Well, I don't consider attorney's fees to be a form of damages under this statute, but is there any example of damages that you would acknowledge might well be included? Not — as I stand here today, Your Honor — No damages at all of any kind? Well, I think — I think, Your Honor, that the — the type of money recovery that we're talking about here is, in a sense, a type of damages. It could be — it's a — it's a smaller carve-out of a type of damages. I would also point out, in response to Your Honor's earlier questions, that in the Gomez-Perez case, in fact, the — the Court did refer to prior — the prior state of the law in determining whether the — whether the — the waiver of sovereign immunity there was sufficient. The Supreme Court in Gomez-Perez specifically referenced the fact that there had been prior case law, Sullivan, which had found that a retaliation claim was included within the notion of discrimination, and that when Congress passed the waiver of sovereign immunity in that case, it had Sullivan in mind, that it was aware of that prior precedent. Are there — are there other statutes or any other sections in the bankruptcy code that use the word money recovery? Not that we're aware of, Your Honor, no. It's a very unique term. Too bad that — so we can't get any help there. It would have made things much easier. But again, I — I think the fact that there's a question here ultimately answers the question in this case, because, again, as a waiver of sovereign immunity, this Court need not ultimately decide that the — the government's position as — as to the only correct one. This Court need only decide that it is a plausible construction of this waiver of sovereign immunity. And if it is a plausible construction, then this Court must rule in favor of preservation of that immunity. Thank you. We agree with the government that this has to be a plausible interpretation of the statute. That's what the immunity canon requires. But it is not plausible to interpret a term out of context in a way that renders multiple other provisions entirely superfluous by the government's own admission for at least one of them. My friend says that the punitive damages is just there for emphasis, but that simply can't be squared with the phrasing of that provision. It says, including an order of judgment awarding a money recovery, but not including an award of punitive damages. And the second sentence, again, is about costs and fees, and why would you limit costs and fees if money recovery doesn't include costs and fees? And the government further has no answer to the provisions that, again, we discussed in our reply brief at pages 15 to 16, those other provisions that provide for expenses that are not money wrongfully withheld by the government and not money that was lost as a result of government activities. So Congress did an entirely futile act, if the IRS is correct. They included provisions that they wanted to waive immunity for, only to eliminate that waiver two paragraphs later with this cramped construction of the term money recovery. As to Hoffman and Nordic Village, it's true that those dealt with a specific factual scenario, but the reasoning of those opinions turned on this broader fundamental distinction between monetary recoveries and equitable recoveries, and that's why Congress reacted as it did to include this term, money recovery, which is essentially used interchangeably with money judgment, to show that it wanted to have in this waiver everything that was not expressly carved out. It's just like Gomez-Perez. The Court has no further questions. Thank you. Thank you. I thank both of you for your very helpful arguments this morning. The case of Hunsacker v. United States is submitted.
judges: McKeown, Paez, Bashant